IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIE LAMAR YOUNG, JR.,          :
        Plaintiff

                                  :

        vs.                       :       CIVIL NO. 3:CV-07-2266

                                  :

JEFFERY A. BEARD, et al.,
        Defendants                :


*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

        We are considering the Report and Recommendation of the

Magistrate Judge recommending we dismiss numerous claims brought

by the Plaintiff, Willie Lamar Young.   Young filed numerous

objections to the magistrate judge's report.   Since objections

were filed, the Court must "make a *de novo* determination of those

portions of the report or specified proposed finding or

recommendations to which objection is made."   28 U.S.C. §

636(b)(1)(c).

        After review of the record, we agree with the

determinations of the magistrate judge concerning the issues of

the prison mailbox rule, statute of limitations and continuing

harm doctrine.   We also believe the magistrate judge correctly

applied the standard for Rule 12(b)(6) motions when recommending

we dismiss several of the Plaintiff's claims.   We also believe the

magistrate judge correctly applied Rule 8 and did not require the

Plaintiff to meet a higher pleading standard. We see no reason for further comment on these issues since our reasoning follows that of the magistrate judge's report. However, we will comment on two issues that have been raised by the Plaintiff, equitable tolling of the statute of limitations and *sua sponte* dismissal of certain claims.

Young argues that the magistrate judge should have applied equitable tolling to the statute of limitations because he first filed his action in the wrong forum. Equitable tolling acts to stop a period of limitations from running where a claimant's accrual date has already run. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1387 (3d Cir. 1994)(citation omitted). There are three principal situations where equitable tolling may be appropriate: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.*

Equitable tolling does not apply to the Plaintiff's situation. As thoroughly addressed by the magistrate judge, Young does not explain why a transfer of his filing in the Eastern District was not the proper remedy. His action in the Eastern District was still pending at the time of the magistrate judge's report. Young's arguments are factually and legally mistaken, and

he has filed to suggest that the statute of limitations should be tolled for any other valid reason.

Next, Young argues that the magistrate judge recommended certain claims be dismissed even though such claims were never challenged by the Defendants. A court may, *sua sponte*, dismiss a claim where the inadequacy of the pleading is clear. *See Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir. 1980); *See also Camponello v. Port Authority of New York & New Jersey*, 590 F.Supp.2d 694, 700 n.8 (D.N.J. 2008). The magistrate judge correctly applied this standard, and we agree with his determinations.

Finally, we disagree with that portion of the report that addresses respondeat superior liability for 28 U.S.C. § 1983 claims. Under current Third Circuit precedent, a supervisor may be held liable for the wrongdoing of a subordinate if he has actual knowledge of the wrongdoing and acquiesced in the deprivation. *Baker v. Monroe Twp.,* 50 F.3d 1186, 1194 (3d Cir. 1995)(citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). According to the magistrate judge, this precedent was overturned by the Supreme Court in *Ashcroft v. Iqbal,* ---U.S.----, 129 S.Ct. 1937 (2009). Magistrate Judge's Report and Recommendation at 7. We agree that the Supreme Court's decision in *Iqbal* leaves some doubt as to the viability of the Third Circuit's test for supervisory liability. *See Bayer v. Monroe County Children & Youth Servs.,* 577 F.3d 186, 191 n.5 (3d Cir.

2009)(noting the uncertainty, but not deciding the issue). We do not believe it is necessary to decide this issue at this time. The portions of the magistrate's report that apply this possible new standard also conclude that the Plaintiff's claims should be dismissed because the allegations fail to sufficiently plead "knowledge and acquiescence" or are conclusory. We believe this alone was enough to warrant dismissal of those portions of the Plaintiff's complaint.

ACCORDINGLY, this 23rd day of September, 2009, upon consideration of the report and recommendation of the magistrate judge (doc. 83), filed June 1st, 2009, and upon independent review of the record, it is ordered that:

    1.  Those portions of the magistrate
    judge's report, not inconsistent with the
    above analysis, are adopted.

    2.  Plaintiff's objections are overruled.

    3.  Plaintiff's motion for a preliminary
    injunction (doc. 101) is denied.

    4.  The Medical Defendants' Motion (doc.
    59) is granted and all claims against
    Defendants Araneda and Mills are dismissed.

    5.  The Corrections Defendants' Motion
    (doc. 47) is granted in part and denied in
    part.

    6.  All claims against the remaining
    Defendants are dismissed except:

    (a) claim [C], at paragraphs 28 to 34, the
    excessive force claim against Defendant Nurse
    Gardner under the Eighth and Fourteenth
    Amendment;

(b) claim [F], at paragraphs 53 to 62, the excessive force claim against Defendants Boal, Eberling, Goodman, Grove, Paige, and Lalli under the Eighth and Fourteenth Amendments;

(c) claim [G], at paragraphs 63 to 70, a due process claim is stated, in part, against Defendants Mitchell and Lawler, in regard to the grievance proceedings denying Plaintiff access to videotapes;

(d) claim [G], at paragraphs 71 to 97, Plaintiff's mail tampering, disclosure, and invasion of privacy claims against defendants House, Wasual, Yedlosky, Edwards, Culbert, and Stever under the First, Fourth and Fourteenth Amendments; and

(e) claim [I], at paragraphs 1 to 7, at page 33, plaintiff's denial of water claim in violation of the Eighth Amendment against Defendants Lalli and Dickson.

7.   This matter is remanded to Magistrate Judge Mannion for further proceedings.


/s/William W. Caldwell
William W. Caldwell
United States District Judge